**CITY OF PHILADELPHIA, Appellant,**

v.

**FRATERNAL ORDER OF POLICE, LODGE NO. 5.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1998.

Decided April 14, 1998.

Publication Ordered May 5, 1998.

---

Karen Elizabeth Rompala, Philadelphia, for appellant.

Richard C. McNeill, Philadelphia, for appellee.

Before DOYLE and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

The City of Philadelphia (City) appeals from a decision of the Court of Common Pleas of Philadelphia County affirming the Arbitration Award reinstating Debra Cardwell to her position as a Philadelphia Police Officer.

Officer Cardwell was on duty on April 19, 1994, when the patrol car she was operating collided with the rear end of a parked car, which caused that car to collide with several other parked vehicles. Cardwell was not conscious when assistance arrived at the scene; she regained consciousness, however, en route to the hospital. While at the trauma unit of Einstein Medical Center nurses took samples of Cardwell's blood and urine for routine analysis. Among the routine tests performed on the samples were a test for the level of alcohol and the presence of controlled substances in Cardwell's samples. Several months after the accident, as a result of a fiscal review of medical bills submitted to the City of Philadelphia, the Police Department was notified that Cardwell's samples tested positive for the presence of cocaine and alcohol at the time of the accident.

Following an investigation by the Internal Affairs Unit, Cardwell was dismissed for having an excessive level of cocaine and alcohol in her system while on duty. Lodge 5 of the Fraternal Order of Police (FOP) filed a grievance over Cardwell's discharge, which resulted in an arbitration decision requiring the City to reinstate Cardwell, without back pay. The City appealed the arbitrator's decision to the Court of Common Pleas, which affirmed the arbitrator's award. This appeal by the City followed.

On appeal to this Court the City raises three issues. The City first contends that the Common Pleas Court erred by applying

the incorrect scope of review and failing to take into consideration whether the arbitrator's decision violated public policy. The City's next argument is that the Common Pleas Court committed error when it refused to vacate the arbitrator's award because the award violated public policy. Finally, the City asserts that the Common Pleas Court committed error by not vacating the arbitrator's award, because he exceeded his authority.

■ Our review of grievance arbitration awards issued under the authority of Act 111[1] is limited to questions concerning: (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) deprivation of constitutional rights. *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995). As such, we are unable to disturb an arbitrator's decision unless the decision is tainted by one of the above criteria.

■ The City contends the trial court committed reversible error because that court applied the incorrect scope of review to this case. The trial court applied the "essence test" and held that it could not address the public policy concerns because of the narrow scope of its review stating:

⸱ [The] 'essence test' mandates judicial deference if the arbitrator's interpretation of the collective bargaining agreement can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention.

(Trial Court's Opinion at 2–3.) Because the "essence test" scope of review is broader than the narrow certiorari scope of review and because, even under the more expansive analysis, the City was unable to prevail, we hold that the trial court's application of the "essence test" to this case represents harmless error.

The City argues that reinstating Officer Cardwell to the Police Force violated public policy, and this Court should reverse the trial court for not so holding. The City, in its brief before this Court, asserts:

[T]he Court of Common Pleas Order improperly failed to consider whether the arbitrator's decision violated a clearly established public policy. This well-established exception to a court's ordinarily narrow scope of review of arbitration awards should have been applied to the present matter which involved the egregious situation of reinstatement of a police officer who was under the influence of cocaine while on duty. It is difficult to imagine a factual situation where application of a review based on public policy grounds would have been more appropriate.

(City's Brief at 8.) While the conduct of Officer Cardwell is certainly appalling, we are nonetheless unable to accept the City's public policy argument.[2] In *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Smith)*, 698 A.2d 688 (Pa. Cmwlth.1997), this Court held that we were prohibited from disturbing an arbitrator's decision for public policy reasons.

■ Finally, we shall address the issue of whether the trial court committed revers-

---

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. § 217.1–.10.

2. The arbitrator found:
 The City has proven, through credible evidence that [Officer Cardwell] had cocaine in her system above the cutoff level. In view of this proof and in light of all of the surrounding circumstances in this case, discipline is appropriate, however, discharge is not.
 The record reveals that [Officer Cardwell] is a good police officer. Sgt. Kenneth Campbell [Officer Cardwell's] immediate supervisor for the last five years considered [Officer Card-well] 'one of the best officers in my squad'. (NT B–213) Fellow Police Officer Thomas O'Neil considered [Officer Cardwell] an excellent police officer.
 [Officer Cardwell] is to be reinstated without backpay. Because of the nature of the offense, she is subject to periodic and unannounced urine screening for a period of one year. A positive reading above the cutoff level during this year will result in discharge.
 (Arbitrator's Award at 16; Reproduced Record at 16a.)

ible error in not vacating the arbitrator's award because that award exceeded his authority. "An arbitrator's powers are limited. He or she may not mandate that an illegal act be carried out; he or she may only require a public employer to do that which the employer could do voluntarily." *Betancourt,* 540 Pa. at 78, 656 A.2d at 90. In this case the arbitrator's award required the City to reinstate Officer Cardwell to her position as a police officer, an action which the City would have the authority to do pursuant to its own disciplinary policy.[3] Because the level of disciplinary action, **including** dismissal, was within the discretion of the City, the arbitrator did not exceed his authority in ordering the City to reinstate Officer Cardwell because this award did not require the City to carry out an illegal act. Consequently, the trial court did not commit an error by not reversing the arbitrator's award.

Order affirmed.

### ORDER

**NOW**, April 14, 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

**3.** Directive 55 of the City's Police Commissioner, titled "URINALYSIS POLICY FOR ILLEGAL AND CONTROLLED SUBSTANCE USE," states, in pertinent part:
VIII. DISCIPLINARY ACTION
A. Disciplinary action, including dismissal, will be taken against a member of this Department when:

1. A physical examination (including urinalysis) indicates a positive result as defined in Section II–E [pertaining to illegal drugs or controlled substances] of this Directive.
(Police Commissioner's Directive 55, Original Record, Tab B, at 10.) (Emphasis added.)